1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE NESTOR CASSINI,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINA TIERNEY CASSINI *et al.*<br><br>    Defendants.<br>_____ | CASE NO. CV10-3443 AHM (JCx)<br><br>**ORDER TO SHOW CAUSE** |

On February 16, 2010, Plaintiff filed this action in Superior Court of California for the County of Los Angeles, seeking declaratory relief regarding the parties' respective rights and obligations under a Judgment of Divorce entered in state court on or about April 7, 1953. (Compl. ¶ 1.) On May 7, 2010, Defendants removed the action to this Court on the basis of diversity jurisdiction.

"Even if federal jurisdiction exists (*e.g.*, through federal question or diversity), the district court is not obliged to entertain a declaratory relief suit. Such relief is always discretionary." William W. Schwarzer, *et al.*, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL ¶ 2:140.1 (2009) ["Rutter Guide"]. In exercising that discretion, the district court should consider the following factors: (1) The availability of a more efficient, effective, and comprehensive remedy

through a state court action;[1] (2) the avoidance of forum shopping, procedural fencing, a "race for *res judicata*," and piecemeal or duplicative litigation;[2] (3) the avoidance of opinions based on hypothetical factual scenarios;[3] (4) the promotion of sound public policy;[4] and (5) the existence of a pending state court action that involves the same legal issues as the federal action.  *See also* Rutter Guide ¶¶ 10:46-10:49.2 (summarizing circumstances under which a court properly declines to exercise declaratory relief jurisdiction).

Accordingly, and good cause appearing therefor, the Court hereby ORDERS the parties to each file and serve a brief not to exceed five pages, by not later than May 24, 2010, showing cause why this Court should exercise jurisdiction over this action.  Failure to timely file such briefs will result in remand of this action to state court.

IT IS SO ORDERED.

DATE: May 12, 2010                    _____
                                       A. Howard Matz
                                       United States District Judge

---

[1] See *Travelers Indem. Co. v. Boles*, 503 F.Supp. 179, 181 (N.D. Cal. 1980) *aff'd*, 673 F.2d 1340 (9th Cir. 1984) (declaratory relief should not be "substituted for the 'real' thing when a coercive suit can be brought").

[2] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 798 (9th Cir. 1995), *quoting American National Fire Insurance Corp. v. Hungerford*, 53 F.3d 1012, 1019 (9th Cir. 1995).

[3] *Karussos*, 65 F.3d at 798, *quoting Hungerford*, 53 F.3d at 1019.

[4] *See United States v. State of Washington*, 759 F.2d at 1357.